TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00338-CV






In the Matter of P. M.








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-14,750, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING 









 This is an appeal from an order committing a juvenile to the Texas Youth Commission ("the
TYC"). We will affirm the trial court's order.


BACKGROUND

 During an adjudication hearing on March 26, 1997, P. M. pleaded guilty to the felony
offense of burglary of a habitation. Immediately following the adjudication, the court conducted a
disposition hearing. The court, however, postponed a decision on the State's recommendation that P. M.
be committed to the TYC. The court required P. M. to sign a document entitled "Conditions of Release"
which imposed conditions of release on him pending final disposition. The disposition hearing reconvened
on April 23, 1997. At that hearing the court elicited testimony from a probation officer concerning P. M.'s
compliance with his conditions of release. The court also noted that P. M. had previously been adjudicated
for the commission of three separate misdemeanors. Counsel for P. M. did not object to the conditions
of release or to the judge's questioning of the probation officer regarding P. M.'s conduct during his
release. At the conclusion of the hearing, the court ordered that P. M. be committed to the care, custody,
and control of the TYC. P. M. timely perfected this appeal by filing an affidavit of inability to give security
for costs.


DISCUSSION

 P. M.'s appointed counsel on appeal has filed a brief asserting that the appeal is frivolous. 
Counsel's brief complies with the requirements for such briefs discussed in Anders v. California, 386 U.S.
738 (1996), Pension v. Ohio, 488 U.S. 75 (1988), and High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978). (1) Counsel states that he has diligently searched the record and has researched the law
applicable to the facts and issues contained in the case. Counsel further states that he has investigated the
legal and factual sufficiency of the evidence presented, whether the trial court properly followed all statutory
warnings and procedures, and whether P. M. was afforded effective assistance of counsel. Although
appellant's counsel notes that the trial court committed two apparent errors, such errors were not preserved
for our review. Counsel concluded that despite some mistakes P. M.'s trial counsel provided effective
assistance to his client. The State agrees that the appeal is frivolous.

 We have conducted our own review of the record and concur with the assessment by P.
M.'s attorney and the State. We find no meritorious grounds for appeal. 


 We affirm the trial court's order.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: December 11, 1997

Do Not Publish

1. We recognize that the Anders brief is a creature of criminal law. In cases such as this, however,
we believe that this Court may consider the representation of appointed appellate counsel that this appeal
is frivolous. 


INK="#551a8b" ALINK="#ff0000" BGCOLOR="#c0c0c0">

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00338-CV






In the Matter of P. M.








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-14,750, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING 









 This is an appeal from an order committing a juvenile to the Texas Youth Commission ("the
TYC"). We will affirm the trial court's order.


BACKGROUND

 During an adjudication hearing on March 26, 1997, P. M. pleaded guilty to the felony
offense of burglary of a habitation. Immediately following the adjudication, the court conducted a
disposition hearing. The court, however, postponed a decision on the State's recommendation that P. M.
be committed to the TYC. The court required P. M. to sign a document entitled "Conditions of Release"
which imposed conditions of release on him pending final disposition. The disposition hearing reconvened
on April 23, 1997. At that hearing the court elicited testimony from a probation officer concerning P. M.'s
compliance with his conditions of release. The court also noted that P. M. had previously been adjudicated
for the commission of three separate misdemeanors. Counsel for P. M. did not object to the conditions
of release or to the judge's questioning of the probation officer regarding P. M.'s conduct during his
release. At the conclusion of the hearing, the court ordered that P. M. be committed to the care, custody,
and control of the TYC. P. M. timely perfected this appeal by filing an affidavit of inability to give security
for costs.


DISCUSSION

 P. M.'s appointed counsel on appeal has filed a brief asserting that the appeal is frivolous. 
Counsel's brief complies with the requirements for such briefs discussed in Anders v. California, 386 U.S.
738 (1996), Pension v. Ohio, 488 U.S. 75 (1988), and High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978). (1) Counsel states that he has diligently searched the record and has researched the law
applicable to the facts and issues contained in the case. Counsel further states that he has investigated the
legal and factual sufficiency of the evidence presented, whether the trial court properly followed all statutory
warnings and procedures, and whether P. M. was afforded effective assistance of counsel. Although
appellant's counsel notes that the trial court committed two apparent errors, such errors were not preserved
for our review. Counsel concluded that despite some mistakes P. M.'s trial counsel provided effective
assistance to his client. The State agrees that the appeal is frivolous.

 We have conducted our own review of the record and concur with the assessment by P.
M.'s attorney and the State. We find no meritorious grounds for appeal. 


 We affirm the trial court's order.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: December 11, 1997

Do Not Publish

1. We recognize that the Anders brief is a creature of criminal law. In cases such as this, however,
we believe th